IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHERRILL K. RHODES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:03CV187-W |
| ) | WO |
| UNISYS CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTIONS**

This case is before the court on plaintiff's Motion for Award of Expenses and Fees (Doc. # 78), and Amended Motion for Award of Expenses and Fees (Doc. #91); and Motion to Make Orders Final (Doc. #121); see also Notice of Completion of Discovery After Motion to Compel (Doc. # 78). Plaintiff contends that he is entitled to recover his reasonable expenses and attorney's fees pursuant to Fed. R. Civ. P. 37(a)(4)(A) and 37(d) as a result of defendant Unisys' failure to provide discovery until after plaintiff filed a motion to compel. Specifically, plaintiff argues that because defendant did not offer its corporate representatives for deposition in a timely manner, plaintiff and his counsel had to make two trips outside of Alabama to conduct depositions when one would have sufficed. Plaintiff claims $9,513.18[1] in fees and expenses relating to the extra trip and to the

---

[1] Plaintiff contended in his initial motion that defendant agreed to pay for one round trip airline fare from Montgomery to Philadelphia. In its opposition, defendant responded that it "fully

preparation of the motion to compel as follows:

TABLE OF EXTRA EXPENSES
Sherrill K. Rhodes (plaintiff)

| DATE | ITEM | TIME | AMOUNT |
|---|---|---|---|
| 3/1/2004 | Travel to Atlanta Airport | | $ 58.40 |
| 3/1/2004 | Airline fare | | 220.20 |
| 3/2/2004 | Accommodations | | 105.95 |
| 3/2/2004 | Travel from Atlanta Airport | | 58.40 |
| **TOTAL** | | | **$442.95** |

TABLE OF EXTRA EXPENSES
James M. Sizemore, Jr. (attorney)

| DATE | ITEM | TIME | AMOUNT |
|---|---|---|---|
| 1/20/04 | Preparation of Motion to Compel Discovery, Letter to T. Hosp & C. Main | 1.10 | $ 330.00 |
| 3/1/04 | Travel to PHI | 5.50 | 1,650.00 |

intends to pay Mr. Battaglia's airfare, and is processing the request... ." Doc. #84. The parties' certification of inability to resolve discovery disagreements subsequently confirmed that Battaglia has received $690.90 from defendant for his airline ticket. Doc. #102. Thus, as plaintiff concedes, his $9,524.40 claim must be reduced to $8,822.28.

| DATE | ITEM | | AMOUNT |
|---|---|---|---|
| 3/2/04 | Deposition of Unisys Corporation; Travel | 8.00 | 2,400.00 |
| 3/1/04 | Airline fare | | 245.20 |
| 3/2/04 | Accommodations | | 105.95 |
| 3/1&2/04 | 287 miles @ .375/mile | | 107.63 |

**TOTAL** $4,838.78

## TABLE OF EXTRA EXPENSES
Rick Battaglia (Attorney)

| DATE | ITEM | TIME | AMOUNT |
|---|---|---|---|
| 1/27/2004 | Prepare time for deposition | 1 | $ 195.00 |
| 3/1/2004 | Travel to PHI | 7.5 | 1,462.50 |
| 3/2/2004 | Deposition of Unisys Corporation; Travel | 8.0 | 1,560.00 |
| 3/1/2004 | Airline fare | | 690.90 |
| 3/2/2004 | Accommodations | | 105.95 |
| 3/2/2004 | Rental Car | | 217.10 |

**TOTAL** $4,231.45

Defendants respond that plaintiff is, at most, entitled to the reasonable expenses incurred in making the motion to compel pursuant to Fed.R.Civ.P. 37(a)(4)(A). They contend that the other fees and expenses claimed are unwarranted, excessive or unreasonable.

Discussion

Fed. R. Civ. P. 37(d) provides that

If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. *In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.*

Fed. R. Civ. P. Rule 37(d) (emphasis added).[2]  Rule 37 sanctions are "intended to 1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." Wouters v. Martin County, Fla., 9 F.3d 924, 933 (11th Cir.1993).  The alternative sanctions listed in Rule 37 give judges "broad discretion to fashion appropriate sanctions for violation of discovery orders." Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir.1993). "Available sanctions range from the mildest, a requirement to reimburse the opposing party's expenses, to 'more stringent' sanctions of striking portions of pleadings or prohibiting the introduction of evidence, to the 'harshest of all ... orders of dismissal and default judgment.'" Snow v. Bellamy Mfg. & Repair, 1995 WL 902210, *1 (N.D.Ga. 1995) (citation omitted).  A district court may impose monetary sanctions without a showing of willfulness or bad faith on the part of the disobedient party. BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1049 (11th Cir. 1994).

---

[2]  Fed. R. Civ. P.37(a)(4)(A) provides that if a motion to compel "is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Because plaintiff's claim is addressed *infra* pursuant to Rule 37(d), the court does not reach the application of Rule 37(a)(4)(A) to this matter.

In this case, plaintiff requests an award of reasonable expenses, including attorney's fees, caused by the failure of defendant Unisys to make its 30(b)(6) representatives available for deposition as noticed by plaintiff. The affidavits before the court provide little information as to exactly when or why defendant did not produce its witnesses for deposition. However, plaintiff contends in an unsworn pleading that he noticed the deposition of a 30(b)(6) representative of Unisys on three separate occasions, for three different dates – October 22, 2003 (in McLean, Virginia); December 11, 2003 (in Blue Bell, Pennsylvania); and December 17, 2003 (in McLean, Virginia) – without securing the testimony that he desired. Motion to Compel Discovery at 3. Defendant does not dispute that plaintiff properly noticed the Rule 30(b)(6) depositions in this case as he asserts, or that 30(b)(6) witnesses were not produced as noticed.

Plaintiff filed a motion to compel the 30(b)(6) depositions on January 20, 2004. Thereafter, in February, 2004, defendant indicated that it would make its 30(b)(6) witnesses available for deposition on March 2, 2004, apologized for the delay in scheduling, and offered to pay the cost of air transportation for one of plaintiff's lawyers to attend the depositions in Blue Bell, Pennsylvania. Battaglia Affidavit at 2; Exhibit A. In its opposition to plaintiff's motion for costs, defendant acknowledges that "[t]here is no doubt that the parties encountered difficulty in scheduling the Rule 30(b)(6) depositions in this case... ." Opposition at 2. Defendant does not argue, in response to plaintiff's

motion for award of expenses and fees, that its failure to produce a 30(b)(6) deponent prior to March 2004 was substantially justified, nor does it point to any circumstances relating to this failure that make an award of expenses unjust (although defendant clearly questions the amount requested). Accordingly, the court concludes that plaintiff is entitled to a monetary sanction in this case pursuant to the plain language of Rule 37(d).[3]

The court's next task is to determine the reasonable expenses, including attorney's fees, which plaintiff was caused to incur as a result of defendant's failure to produce the 30(b)(6) witnesses for deposition. "The 'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours.'" American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 432 (11th Cir. 1999) (citation omitted). The burden is the same with regard to expenses. See Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994) (The burden rests with the applicant "to submit a request for expenses that would enable the district court to determine what expenses were incurred on the federal litigation.").

Plaintiff contends that because of defendant's failure to produce the 30(b)(6)

---

[3] The payment of reasonable expenses is a mandatory sanction under Rule 37(d) if a party fails to appear at a deposition, has no substantial justification for the failure, and where no other circumstances make the award of expenses unjust. S.E.C. v. Hiestand, 1997 WL 459853, *3 (D.D.C. 1997) (unpublished opinion); see also D'Orsogna v. Texas Dept. of Health, 1998 WL 1781735, *2 (W.D.Tex. 1998) ("Under Rule 37, sanctions are mandatory for failure to attend a deposition unless the court finds the deponent was substantially justified or that other circumstances make an award of expenses unjust."); Lee v. Walters, 172 F.R.D. 421, 425 (D. Oregon 1997) ("Sanctions are mandatory for failure to attend a noticed deposition or to respond to a request for production of documents unless the court finds that the failure was 'substantially justified or that other circumstances make an award of expenses unjust.'").

witnesses for depositions as noticed, he and his two lawyers had to make an extra trip to Pennsylvania to conduct these depositions.[4] They claim reimbursement, as set out above, for travel expenses, accommodations, and – in the case of the lawyers – time spent in travel and in preparation for the depositions. The court will address the claims for attorney's fees and expenses in turn.

Attorney's fees

1. Sizemore

Sizemore claims the following hours at a rate of $300 per hour:

| Date | Description | Hours | Amount |
|---|---|---|---|
| 1/20/04 | Preparation of Motion to Compel Discovery, Letter to T. Hosp & C. Main | 1.10 | $ 330.00 |
| 3/1/04 | Travel to PHI | 5.50 | $1,650.00 |
| 3/2/04 | Deposition of Unisys Corporation; Travel | 8.00 | $2,400.00 |

The Eleventh Circuit has discussed the standards that a court must apply in evaluating attorney's fee requests to determine hourly rates and hours expended. The Court explained that "[t]o determine reasonable hours expended, ... a district court could use its discretion to exclude 'excessive or unnecessary work on given tasks.'" Gray v.

---

[4] Although the affidavits submitted on plaintiff's behalf are not clear on this point, it appears that plaintiff contends that because the witnesses were not produced on December 17, 2003, in McLean, Virginia – where plaintiff and his counsel had traveled to depose two fact witnesses – the latter had to make an extra trip to Pennsylvania to take the 30(b)(6) depositions. See Certification of Inability To Resolve Discovery Disagreements at 2; Defendants Unisys Corporation and Malcolm Black's Opposition To Plaintiff's Motion for Costs at 3.

Lockheed Aeronautical Systems Co., 125 F.3d 1387, 1389 (11th Cir. 1997). The Court "defined a reasonable hourly rate as 'the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.'" Id. (citation omitted).

The court finds that the expenditure of 1.10 hours by counsel in preparing a motion to compel and a letter to opposing counsel is reasonable. With regard to the $300 hourly rate requested, Sizemore's affidavit asserts that "[t]he attorney's fees shown are reasonable charges for the services rendered." However, "[g]eneralized statements that the time spent was reasonable or unreasonable ... are not particularly helpful and not entitled to much weight...," id., and the same can be said for generalized statements concerning the reasonableness of the hourly rate requested. On the other hand, defendant has not objected specifically to Sizemore's request for a $300 hourly rate, nor offered any opposing evidence concerning prevailing hourly rates in the relevant market. Objections and proof from fee opponents should be specific and reasonably precise in order for courts to carry out their obligation to ensure that fee awards are reasonable. American Civil Liberties Union of Georgia, 168 F.3d at 428.

Counsel's $300 hourly rate appears to the court to be high for the Middle District of Alabama, and it exceeds the rates generally awarded in attorney's fee litigation in this Circuit. See, eg., Dillard v. City of Greensboro, 213 F.3d 1347, 1355 (11th Cir. 2000) (awarding

9

$200 and $225 hourly rates to senior Birmingham lawyers for practice in the Middle District); see also Conte, Attorney's Fee Awards §29:1(3d Edition 2004) at 363-64 (table listing rates of $90, $110, $125, $175, $200, $225, and $250 awarded to lawyers in the Eleventh Circuit in recent cases). Given the scanty evidence in this case concerning the prevailing market rate in this community for lawyers with skills, experience, and reputation comparable to those of Sizemore, the court is compelled to rely on its own knowledge and expertise in setting a reasonable fee. See American Civil Liberties Union of Georgia, 168 F.3d at 431 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (citations and internal quotation marks omitted).

Accordingly, the court finds, for purposes of this fee request: (1) that Sizemore is a skilled lawyer with many years of experience; (2) that, nevertheless, a $300 hourly rate represents top dollar, or very close to it, for a lawyer in this market; (3) that lawyers of comparable skill, reputation and experience would be able to charge an hourly rate of $300 or above only to large corporate or institutional clients, and even then not as a matter of routine; and (4) that a $250 hourly rate more accurately reflects the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. Thus, the court will award Sizemore $275 for the 1.10

hours he expended in preparing the motion to compel and a letter to opposing counsel on January 20, 2004.

Sizemore claims 5.50 hours for travel to Philadelphia on March 1, 2004, and 8 hours for the deposition of Unisys Corporation and travel on March 2, 2004. The court finds that the time spent by Sizemore on both days in conducting these activities is reasonable. However, Sizemore would have had to expend the same amount of time deposing Unisys' 30(b)(6) witnesses if they had been offered pursuant to his earlier deposition notices; thus, the hours spent by counsel in depositions cannot reasonably be charged to defendant. With regard to travel time, defendant opposes any award at all. Nevertheless, the court finds that the additional travel time was expended as the result of defendant's failure to present its witnesses as originally noticed. Because Sizemore's time entry does not distinguish between the hours he spent in traveling and the hours he spent in depositions on March 2, 2004, the court will assume, for purposes of this motion, that the return trip took the same amount of time (5.50 hours), as did Sizemore's travel on March 1, 2004.[5]

Sizemore has not offered evidence concerning the time of his trips to and from Pennsylvania on March 1-2, 2004. However, his companions, Rhodes and Battaglia, both

---

[5] Sizemore's affidavit does not attach any documentation for his flights, such as a travel itinerary or receipt. However, the 5.5 hours he claims for one-way travel to the depositions is consistent with the time normally required to drive from Montgomery to Atlanta and to fly from Atlanta to Philadelphia, and defendant does not contend otherwise.

11

took a flight from Atlanta to Philadelphia on March 1, 2004 which left at 3:35 p.m. and arrived at 5:36 p.m., and both returned to Atlanta on March 2, 2004 on a 6:40 p.m. flight. It is reasonable to assume that Sizemore traveled with his colleagues. The court will award Sizemore the full hourly rate of $275 for his 5.50 hours of travel on March 1, 2004 ($1,512.50), as this travel occurred during daytime hours which Sizemore could have otherwise expected to use for work that could be billed to other cases. However, for the after hours' travel on March 2, 2004 – at a time at which Sizemore would no longer be expected to be preparing for the 30(b)(6) depositions, or foregoing work on other cases – the court will award Sizemore a reduced rate of 50 percent ($756.25). See McDonald v. Armontrout, 860 F.2d 1456, 1462-63 (8th Cir. 1988); United States v. Marengo County Com'n, 667 F.Supp. 786, 797-98 (S.D. Ala. 1987) (50 per cent reduction for travel time); see also Smith v. Freeman, 921 F.2d 1120, 1122 (10th Cir. 1990).

2. Battaglia

Battaglia claims the following hours at a rate of $195 per hour:

| | | | |
|---|---|---|---|
| 1/27/2004 | Prepare time for deposition | 1 | $ 195.00 |
| 3/1/2004 | Travel to PHI | 7.5 | $ 1,462.50 |
| 3/2/2004 | Deposition of Unisys Corporation; Travel | 8.0 | $ 1,560.00 |

Defendant contends that it was unnecessary for both lawyers to attend the depositions, and further maintains that the "time it took for them to prepare for and attend the depositions was time they would have spent regardless of when the depositions

12

occurred ... ." Opposition at 3. The court agrees that the time spent by Battaglia in preparing for and attending the depositions cannot reasonably be charged to defendant, as this time would have been expended in any event.

With regard to the claim that Battaglia's attendance at the deposition was unnecessary, the Eleventh Circuit has made it clear that "[f]ee applicants must exercise what the Supreme Court has termed 'billing judgment.'" American Civil Liberties Union of Georgia, 168 F.3d at 428 (citation omitted). "That means they must exclude from their fee applications 'excessive, redundant, or otherwise unnecessary [hours],'... which are hours 'that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel.'" Id. (citation omitted). "If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Id. at 429.

"Redundant hours must be excluded from the reasonable hours claimed by the fee applicant." Id. at 432 (citation omitted). "Such 'hours generally occur where more than one attorney represents a client.'" Id. (citation omitted). "However, '[t]here is nothing inherently unreasonable about a client having multiple attorneys.'" Id. (citation omitted).

13

"For that reason, a reduction for redundant hours 'is warranted only if the attorneys are unreasonably doing the same work. An award for time spent by two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation.'" Id. (citation omitted).  "Thus, a fee applicant is entitled to recover for the hours of multiple attorneys if he satisfies his burden of showing that the time spent by those attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation. But the fee applicant has the burden of showing that, and where there is an objection raising the point, it is not a make-believe burden." Id.

Plaintiff has made no attempt in this case to satisfy his burden of showing that the time spent by both attorneys reflects the distinct contribution of each lawyer to the case and is the customary practice of multiple-lawyer litigation. In addition, the court cannot conclude, based on its own experience, that two lawyers were necessary to take these depositions, which lasted no longer than one day. There is no evidence before the court that these depositions were unusually difficult, technical, or complex. Accordingly, plaintiff is not entitled to recover for the hours of multiple attorneys, or for their travel time. Id. at 432.[6]

---

[6] The fact that the court has determined that plaintiff should be compensated for Sizemore's hours rather than Battaglia's is meant as no disrespect to Battaglia. This choice is simply based on the fact that, in the court's experience, the more senior lawyer would generally take 30(b)(6)

Expenses

Plaintiff claims the following expenses:

| Date | Description | | Amount |
|---|---|---|---|
| 3/1/2004 | Travel to Atlanta Airport (Rhodes) | | $ 58.40 |
| 3/1/2004 | Airline fare (Rhodes) | | $220.20 |
| 3/2/2004 | Accommodations (Rhodes) | | $105.95 |
| 3/2/2004 | Travel from Atlanta Airport (Rhodes) | | $ 58.40 |
| 3/1/2004 | Airline fare (Sizemore) | | $245.20 |
| 3/2/2004 | Accommodations (Sizemore) | | $105.95 |
| 3/1&2/04 | 287 miles @ .375/mile (Sizemore) | | $107.63 |
| 3/1/2004 | Airline fare (Battaglia) | **Paid** | $690.90 |
| 3/2/2004 | Accommodations (Battaglia) | | $105.95 |
| 3/2/2004 | Rental Car (Battaglia) | | $217.10 |

"An applicant for reimbursement of expenses bears the burden to produce evidence to permit the court to determine what expenses were incurred in the litigation and their purpose." United States v. Adkinson, 256 F.Supp.2d 1297, 1319 (N.D. Fla. 2003). "Expenses are allowable to the extent they are of a type routinely billed to a client, as long as they are 'necessary to the preparation of the case.'" Id. (citation omitted)[7]; see also Johnson v. Mortham, 950 F.Supp. 1117, 1126 (N..D. Fla. 1996) (Any expenses incurred during the course of litigation which are normally billed to fee-paying clients may be taxed as

---

depositions which involve witnesses for a large corporation.

   [7] Although the "necessary to the preparation of the case" standard derives from a specific statute, the court believes that this formulation reflects a fair interpretation of what constitutes a reasonable expense for purposes of Rule 37(d).

15

expenses). "The guideline of what is includable must be that which is appropriate in the context of the attorney-client relationship, the substantive and procedural nature of the case, and the climate in which the litigation is conducted." Id. at 1126-27 (citation omitted).

The court concludes that the costs of Sizemore's airline fare ($245.20), his accommodations ($105.95), and his mileage (287 miles @ .375/mile, or $107.63), are reasonable expenses of the type routinely billed to the client. Thus, these expenses are due to be awarded to plaintiff. However, as the court has previously determined that plaintiff did not meet his burden with regard to the attendance of a second lawyer at the depositions, Battaglia's expenses cannot be charged to defendant. Because the parties previously agreed that defendant would pay for Battaglia's airfare to Pennsylvania, the court will not require additional payment for Sizemore's travel expenses. Accordingly, defendant shall remit to plaintiff only the amount of $105.95 for Sizemore's hotel expenses.

Finally, plaintiff Rhodes' seeks to recover his own expenses for travel, airfare, and hotel in connection with the depositions. The court declines to order defendant to pay these expenses. Although, as a party, plaintiff was entitled to attend the 30(b)(6) depositions, he was certainly not required to so do. Attorneys routinely take depositions out of state without the presence of their clients. The court is not aware of any authority – and plaintiff has cited none – for the proposition that the plaintiff's own discretionary costs for voluntarily attending depositions may properly be billed to the opposing party

16

as part of an award of reasonable expenses and attorney's fees. Further, plaintiff has made no showing that his presence at the depositions was necessary, or even helpful, to the preparation of the case, other than offering the conclusory statement that "[i]t is important to my case that I be present during these depositions." Rhodes affidavit at 3. This testimony is insufficiently detailed and specific to meet plaintiff's burden of establishing the reasonableness of his expenses.

## Conclusion

Accordingly, for the reasons set out above, it is

ORDERED that plaintiff's motion for award of expenses and fees (Doc. # 78), and amended motion for award of expenses and fees (Doc. #91), are hereby GRANTED in part and DENIED in part as discussed *infra*. On or before August 15, 2005, defendant Unisys shall pay the amount of **$2,649.70** (that is, $275 for preparation of the motion to compel and letter, plus $2,268.75 for attorney travel time, plus $105.95 for accommodations) to plaintiff for the reasonable expenses, including attorney's fees, caused by defendant's failure to produce its 30(b)(6) witnesses as noticed pursuant to Fed.R.Civ.P. 37(d). It is further

ORDERED that plaintiff's Motion to Make Orders Final (Doc. #121) be and hereby is DENIED as moot, as this order disposes of all remaining issues in this case. A final judgment will be entered separately.

DONE, this 1st day of August, 2005.

/s/ Susan Russ Walker

SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE